FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DENNY LEE M.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:18-CV-03123-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF

Nos. 12 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42

U.S.C. § 405(g), of the Commissioner's final decision, which denied his

application for Supplemental Security Income under Title XVI of the Social

Security Act, 42 U.S.C §§ 1381-1383F, and his application for Disability Insurance

Benefits under Title II of the Act, 42 U.S.C. § 401-434. *See* Administrative Record

("AR") at 1, 15-30. After reviewing the administrative record and briefs filed by

the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on February 26, 2013. AR 15, 107, 118. In both applications, his alleged onset date of disability is August 1, 2008. *Id.* Plaintiff's applications were initially denied on April 9, 2013, AR 127, and on reconsideration on June 10, 2013, AR 151-52. A hearing with Administrative Law Judge ("ALJ") Tom L. Morris occurred on January 27, 2015. AR 37-72, 156. On March 9, 2015, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Act and was therefore ineligible for Disability Insurance Benefits or Social Security Income. AR 166. On August 26, 2016, the Appeals Council issued an order remanding Plaintiff's case back to the ALJ for further proceedings. AR 172-75.

Thus, a second hearing with ALJ Morris occurred on January 30, 2017. AR 15, 73-104. On April 13, 2017, the ALJ issued a decision finding once again that Plaintiff was ineligible for disability benefits. AR 15-30. The Appeals Council denied Plaintiff's request for review on May 11, 2018, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981.

Plaintiff timely filed the present action challenging the denial of benefits, on July 10, 2018. ECF No. 1 and 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done

for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

# IV.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 41 years old on the alleged disability onset date. AR 15, 107. He has a limited education. AR 28. Plaintiff is able to communicate in English. *Id*. Plaintiff has past relevant work as a janitor, manager – food services, short order cook, kitchen helper, and cannery worker. AR 27, 115.

# V.   THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act at any time from August 1, 2008, the alleged onset date, through April 13, 2017, the date the ALJ issued his decision. AR 15-30.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 1, 2008, the alleged onset date. (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: spine disorder; osteoarthritis and allied disorder; and diabetes mellitus (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 18.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. *Id*.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416. 967(b), with the following exceptions: he can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk with normal breaks for a total of about four hours in an eight-hour workday; sit with normal breaks for a total of about six hours in an eight-hour workday; frequently balance and crouch; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; frequently stoop, kneel and crawl; he should avoid concentrated exposure to extreme cold, wetness, vibration ad hazards such as machinery, unprotected heights, etcetera; he must periodically alternate standing with sitting about once an hour for at least two to three minutes, which can be accomplished by any work task requiring such shifts or which can be done in either position temporarily or longer; he can frequently engage in handling, fingering, and reaching – including bilateral overhead reaching and feeling; and he may be off-task for about 10 percent of the time over the course of an eight-hour workday. AR 19.

The ALJ determined that Plaintiff is unable to perform past relevant work as a janitor, manager – food services, short order cook, kitchen helper, and cannery worker (citing 20 C.F.R. §§ 404.1565 and 416.965). AR 27.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

numbers in the national economy that she can perform. AR 28. These include cashier II; storage facility rental clerk; and furniture rental consultant. AR 29.

## VI. ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ reversibly erred by: (1) improperly weighing Plaintiff's allegations; and (2) improperly weighing the medical opinion evidence. ECF No. 12 at 1.

## VII. DISCUSSION

### A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom testimony without providing clear and convincing reasons for doing so. ECF No. 12 at 3. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284.

When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 20. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 19-25.

### 1. The ALJ properly discredited Plaintiff due to inconsistent statements.

As an initial matter, the ALJ pointed to Plaintiff's multiple inconsistent statements regarding his alleged level of limitation. AR 20-25. Prior inconsistent statements may be considered and relied upon by an ALJ when evaluating the

reliability of a claimant's testimony. *Smolen*, 80 F.3d at 1284; *Tommasetti*, 533 F.3d at 1039.

For example, the ALJ noted that although Plaintiff reported that he was essentially housebound and had to spend all day sitting or lying flat, AR 468, he also reported that he was generally able to take care of his daily personal needs with the exception of sometimes needing help putting on his shoes and socks, *Id*.; he was able to play Wii and arm wrestle with his 14-year-old son, AR 529-30; and that he tried to be mildly active because being inactive seemed to aggravate his symptoms, AR 20-25, 591.

Further, at the remand hearing, Plaintiff testified that he has not found pain medication that alleviated his symptoms, however, the record indicates that he made contradictory reports to his providers during the relevant time period. In February 2014, Plaintiff reported that his pain was relieved by medication, AR 557; in December 2014, he reported that hydrocodone had been helpful in treating his pain, AR 591; and in May 2015, he reported that he was not interested in seeing further specialists because his pain medications were working reasonably well. AR 605-06.

There is substantial evidence in the record to support the ALJ's finding that Plaintiff provided multiple inconsistent statements regarding his level of disability.

Thus, the ALJ clearly and convincingly discredited Plaintiff due to his inconsistent statements.

### 2. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with objective medical evidence.

In addition to Plaintiff's inconsistent statements, the ALJ provided three more clear and convincing reasons for discrediting Plaintiff's allegations of limitations. AR 20-25. First, the ALJ noted multiple inconsistencies between Plaintiff's subjective complaints and the medical evidence. *Id.* An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To support this finding, the ALJ noted that several of Plaintiff's physical examinations produced normal and largely unremarkable findings such as normal posture, muscle tone, range of motion and straight leg raising and no spasm tenderness or swelling. AR 20-25, 469-70, 518, 531, 543, 550, 557-58, 563, 574, 579, 582, 587, 589, 591, 637, 638. Further, the degenerative changes to Plaintiff's spine were noted to be mild and minimal in nature. AR 463-66.

Based on the above, the ALJ determined that the objective medical evidence in the record did not support a finding that he is functionally limited to the point of being unable to engage in a limited range of light work. AR 20. *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 9th Cir. 1999) (an ALJ's determination that a claimant's complaints are inconsistent with clinical evaluations can satisfy the requirement of stating a clear and convincing reason for discrediting the claimant's testimony).

These benign and minimal findings throughout examinations and evaluations suggest Plaintiff's impairments are not as debilitating as alleged. Thus, the ALJ did not err in discrediting Plaintiff's subjective complaints due to inconsistencies between Plaintiff's alleged level of impairment and the objective medical evidence.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to his activities of daily living.

Second, the ALJ found that Plaintiff's allegations of completely disabling limitations were belied by his actual level of activity. AR 20-25. A claimant's daily activities may support an adverse credibility finding in two instances: (1) the claimant's activities contradict other testimony; or (2) the claimant is able to spend a significant part of his day engaged in physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). *See Molina,* 674 F.3d at 1113 ("Even where those activities suggest some difficulty functioning,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Osenbrock v. Apfel,* 240 F.3d 1157, 1166–67 (9th Cir.2001) (noting that ALJ properly found claimant's self-imposed limits on daily activities did not support alleged claims of disability).

Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ pointed to multiple examples of Plaintiff's activities of daily living that did not correlate with the level of impairment he asserts. AR 20-25. For instance, despite Plaintiff's allegations that he is essentially housebound and spends his days sitting and lying flat, he has also indicated that he is able to drive a car, take care of his personal needs, play Wii, arm wrestle with a teenager, walk up to two blocks, and be mildly active. AR 20-25, 468, 529, 591, 603.

The above activities contradict Plaintiff's claims that he is mostly housebound and has to lie flat or sit all day long. As such, the ALJ properly determined that Plaintiff's activities did not support the level of disability he alleged and provided multiple clear and convincing reasons for such determination.

### 4. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

Lastly, the ALJ found that Plaintiff's allegations of disabling limitations are inconsistent with the level of treatment he sought during the relevant time period. AR 20-25. The Ninth Circuit has indicated that a claimant's statements may be less credible when treatment is inconsistent with the level of complaints, or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114.

The ALJ pointed to multiple inconsistencies between Plaintiff's allegations and his actual level of treatment such as reports of successful responses to treatment. For instance, despite Plaintiff's claims of debilitating back pain that could not be remedied with medication, he indicated to providers that is pain was relieved by medication, AR 557; that he was not interested in seeing any further specialist or going through any other testing at that time because his pain medications were working reasonably well, AR 605; that medication had been helpful in the past and he was content to remain on his medication regime at that time. AR 603. As such, Plaintiff's allegations of disabling mental impairments are belied by his effective responses to treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may find a claimant's subjective symptom testimony not credible based on evidence of effective responses to treatment); *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3).

Further, the ALJ also noted the record shows Plaintiff's voluntary lack of treatment for his diabetes. AR 24-25. He declined medication for his diabetes as well as a referral to a diabetes mellitus educator and chose to treat his diabetes with diet and exercise instead. AR 546, 566. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Unexplained, or inadequately explained, failure to seek treatment … can cast doubt on the sincerity of [a] claimant's pain testimony."); *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment).

Thus, the ALJ properly determined that Plaintiff's level of treatment did not support level of impairment claimed by Plaintiff and the record supports the determination that Plaintiff's conditions were not as limiting as he alleged.

Taking into account all of the above credibility determinations, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse finding of Plaintiff's credibility. The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court does not find that the ALJ erred when discounting Plaintiff's credibility.

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

Plaintiff also asserts that the ALJ erred in weighing the medical opinion evidence from three providers: (1) nonexamining physician, Robert Hander, M.D.; (2) examining physician, William Drenguis, M.D.; (3) treating physician, K. Scott Reinmuth, M.D. ECF No. 12 at 15-19.

**1. Legal standard.**

Title II's regulations, and accordingly, the Ninth Circuit, distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. *Holohan*, 246 F.3d at 1202. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions

of specialists concerning matters relating to their specialty over those of non-specialists. *Id.*

In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

The ALJ satisfies the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks omitted). In contrast, an ALJ fails to satisfy the standard when he or she "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his [or her] conclusion." *Id.* at 1012-13. When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own

conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Importantly, the "specific and legitimate" standard analyzed above only applies to evidence from "acceptable medical sources." *Molina*, 674 F.3d at 1111. These include licensed physicians, licensed psychologists, and various other specialists. *See* former 20 C.F.R. §§ 404.1513(a) (2014).

"Other sources" for opinions—such as nurse practitioners, physician's assistants, therapists, teachers, social workers, chiropractors, and other nonmedical sources—are not entitled to the same deference as acceptable medical sources.[1] *Molina*, 674 F.3d at 1111; *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *see* 20 C.F.R. § 404.1527(f). ALJs must consider nonmedical sources' lay observations about a claimant's symptoms or how an impairment affects ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ may discount a nonmedical source's opinion by providing reasons "germane" to each witness for doing so. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

//

//

---

[1] For claims filed on or after March 27, 2017, licensed nurse practitioners and physician assistants can qualify as acceptable medical sources in certain situations. *See* 20 C.F.R. § 404.1502(a)(7)-(8). As Plaintiff filed his claim in 2013, this does not apply here.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19**

### 2. Nonexamining, Robert Hander, M.D.

First, Plaintiff argues that the ALJ improperly accorded significant weight to Dr. Hander's opinion which contained "virtually no analysis or explanation." ECF No. 12 at 16. In June 2013, Dr. Hander opined that Plaintiff's reports of limitations were not consistent with the objective medical evidence, nor with the level of treatment sought. AR 134. However, Dr. Hander acknowledged that Plaintiff did have some limitations which the ALJ accounted for in his RFC assessment. AR 26-27, 136-38.

The ALJ assigned significant weight to Dr. Hander's opinion because it accounted for Plaintiff's subjective complaints and the limitations he opined were largely consistent with the objective medical evidence, including the findings of examining physician Dr. Drenguis. AR 27. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and is consistent with it. Andrews, 53 F.3d at 1041.

Because the ALJ presented multiple clear and convincing reasons to substantiate his reasonable interpretation of Dr. Hander's opinion along with other evidence in the record, the Court will not second-guess it. *See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)*; *Rollins*, 261 F.3d at 857; *Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954; *supra* at p. 23. Thus, the Court finds the ALJ did not err in his consideration of Dr. Hander's opinion.

### 3. Examining physician, William Drenguis, M.D.

Second, Plaintiff argues that the ALJ improperly rejected portions of Dr. Drenguis' opinion. ECF No. 12 at 17. In March 2013, Dr. Drenguis opined that Plaintiff was limited by his failed back surgery syndrome and as such his maximum standing and walking capacity in an eight-hour workday would be about four hours; his maximum lifting and carrying capacity would be 20 pounds occasionally and 10 pounds frequently; and only occasionally stoop, kneel, crouch or crawl. AR 471.

The ALJ afforded significant weight to Dr. Dremguis' opinion because his assessment was supported by his examination findings and largely consistent with other objective evidence in the record. AR 26. However, the ALJ rejected Dr. Drenguis' conclusion that Plaintiff was limited to sitting for four hours out of an eight-hour workday because it was inconsistent with the doctor's own findings as well as other findings in the record. AR 26. A discrepancy between a provider's notes and observations and the provider's functional assessment is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. Additionally, an ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. Even so, the ALJ accounted for Dr. Drenguis' opinion by limiting Plaintiff's postural activities and

finding that he would be off-task for up to 10 percent of an eight-hour workday. AR 26.

Because the ALJ presented a reasonable interpretation of Dr. Drenguis' opinion along with other evidence in the record, the Court will not second-guess it. *See Reddick*, 157 F.3d at 725; *Rollins*, 261 F.3d at 857; *Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954; *supra* at p. 23. Thus, the Court finds the ALJ did not err in his consideration of Dr. Drenguis' opinion.

### 4. Treating physician, K. Scott Reinmuth, M.D.

Lastly, Plaintiff asserts that the ALJ erred by not providing specific and legitimate reasons for selectively rejecting portions of Dr. Reinmuth's treating opinion. ECF No. 12 at 19. In January 2015, Dr. Reinmuth opined that Plaintiff's spine disorder would likely worsen at a faster rate if he worked in manual labor; that the prognosis of his condition was poor; and that he would likely miss four or more days of work per month due to his medical impairments. AR 597-98. Dr. Reinmuth later submitted a nearly identical opinion form in October 2016. AR 599-600.

The ALJ accorded great weight to Dr. Reinmuth's opinion that Plaintiff's spine condition would worsen with manual labor. AR 27. However, the ALJ accorded little weight to the remainder of the doctor's opinions because they were largely inconsistent with Plaintiff's treatment records and results. *Id*. It is not

necessary for an ALJ to agree with everything an expert witness says in order to conclude the testimony constitutes substantial evidence. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). It is the ALJ's task to sort through "conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings," which the ALJ did here. *See Reddick*, 157 F.3d at 725. Regardless, the ALJ factored Dr. Reinmuth's opinion into Plaintiff's RFC by finding that Plaintiff could be off-task about 10 percent of the time during an eight-hour workday *Id*.

Accordingly, because the ALJ presented a reasonable interpretation of Dr. Reinmuth's opinion along with other evidence in the record, the Court will not second-guess it. *See Reddick*, 157 F.3d at 725; *Rollins*, 261 F.3d at 857; *Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954; *supra* at p. 23. Thus, the Court finds the ALJ did not err in his consideration of Dr. Reinmuth's opinion.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

1     3. Judgment shall be entered in favor of Defendant and the file shall be

2     **CLOSED**.

3     **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

4     forward copies to counsel and **close the file**.

5     **DATED** this 27th day of September, 2019.

6

7
                  *s/Robert H. Whaley*
                  ROBERT H. WHALEY
          Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24**